UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-CV-20830-LENARD/Turnoff

MATTIE TWYNETTE LOMAX,

    Plaintiff,

v.

CITY OF MIAMI POLICE DEPARTMENT,
DETECTIVE MATIC-4447,
DETECTIVE ALLEN-0091,
MAYOR MANUEL A. DIAZ, and
CHIEF JOHN F. TIMONEY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

**THIS CAUSE** is before the Court upon Defendant City of Miami Police Department's Motion to Dismiss Amended Complaint **[DE 22]**, Defendant Officer Allen's Motion to Dismiss Amended Complaint **[DE 23]**, Defendants' Motion to Strike **[DE 24]**, Defendant Officer Matias' Motion to Dismiss Amended Complaint **[DE 25]**[1], and Plaintiff's *pro se* Motion to Strike Defendants [*sic*] Motion to Strike and Motion to Dismiss Amended Complaint **[DE 26]**. These matters were referred to the undersigned by the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida. **[DE 28]**. The undersigned has considered the pleadings, the applicable law, the court record, and is otherwise duly advised in the premises.

---

[1]Plaintiff misspelled Officer Matias' name throughout the Amended Complaint.

**Procedural and Factual Background**

On March 31, 2009, Plaintiff Mattie Lomax filed a *pro se* complaint for damages pursuant to, *inter alia*, 42 U.S.C.A. § 1983. **[DE 1]**. It was dismissed without prejudice on July 20, 2009, for failure to comply with the Court's Order requiring Plaintiff to file an amended complaint within a specified time. **[DE 10]**. On July 30, 2009, Plaintiff filed a document entitled "Motion Reconsideration/Amend Complaint/Summary Judgment" **[DE 11]**, which the Court treated as Plaintiff's Amended Complaint. **[DE 12]**.

Plaintiff's Amended Complaint alleges "a stop and frisk, violation of the 42 U.S.C.A. § 1983 U.S.C.A. Const...Amends. 4, 11, and common law, Florida Statute." **[DE 11]**. It consists of a factual recitation followed by an incomprehensible memorandum of law. By way of facts, Plaintiff alleges that, on February 19, 2009, she, an African-American woman, was riding her bicycle southbound on NW 2nd Avenue and 8th Street, when Officer Matices-4447 [*sic*] approached her and took her purse and a shopping cart from the handle bars. According to Plaintiff, after asking her if she had any weed, Officer Matices [*sic*] proceeded to go through Plaintiff's wallet and other items in her purse. The officer proceeded to touch Plaintiff, then told Plaintiff that Officer Allen was going to search her.

The memorandum of law addresses Florida Statute Section 901.151(5)–the Florida Stop and Frisk law–and the Fourth Amendment within the context of a district court case that is never identified. It is followed by a discussion of search warrants, as well as a discussion of the Supreme Court cases Owen v. City of Independence, Mo., 445 U.S. 622 (1980), and Wood v. Strickland, 420 U.S. 308 (1975).

Lomax v. The City of Miami Police Department, *et al*.
Case No. 09-CV-20830-LENARD/Turnoff

Plaintiff named five Defendants in the Amended Complaint: Manuel Diaz, City of Miami Mayor, John F. Timoney, Chief of Police for the City of Miami Police Department, the City of Miami Police Department, and two individual police officers–Officer Matic-4447 (*sic*) and Officer Allen-0091. **[DE 11]**. On November 6, 2009, the undersigned entered an Order granting Plaintiff's request for indigency status, and granting Plaintiff's Motion for the United States Marshal to Serve Complaint. **[DE 16]**. A Supplemental Order, entered on November 9, 2009, required Plaintiff to prepare a summons for each of the five named Defendants and provide them to the Clerk's office for issuance. **[DE 17]**. The court docket indicates that summonses were issued and returned for three Defendants: the Miami Police Department, Detective Matic-4447 [*sic*], and Detective Allen-0091. **[DE 18, 19, 20, 21]**.

The Court notes that Plaintiff has not accomplished service of process upon the other two named defendants within the time period prescribed by the Federal Rules of Civil Procedure. Rule 4(m) of the Federal Rules of Civil Procedure provides that a defendant may be dismissed from a civil action if not served with process within 120 days of the date the complaint was filed. Fed. R. Civ. P. 4(m). "It is well established that a *pro se* plaintiff's ignorance of the law is no excuse for failing to effect service as required by Rule 4(j)." Williams v. Publix Warehouse, 151 F.R.D. 428, 430 (M.D. Fla. 1993). A *pro se* plaintiff must show "good cause" in order to avoid dismissal for failure to timely serve the Complaint. Id. (citing Kersh v. Derozier, 851 F.2d 1509, 1512 (5th Cir. 1988)). Good cause is not shown merely because Plaintiff is proceeding *pro se*. Lowe v. Hart, 157 F.R.D. 550, 553 (M.D. Fla. 1994). Plaintiff has not shown good cause for her failure to timely serve these Defendants. It

Lomax v. The City of Miami Police Department, *et al*.
Case No. 09-CV-20830-LENARD/Turnoff

is therefore **RECOMMENDED** that these Defendants be **DISMISSED** as parties to this action for lack of prosecution pursuant to Rule 4(m) of the Federal Rules of Civil Procedure.

### Motions to Dismiss

The served Defendants now move to dismiss Plaintiff's Amended Complaint. Defendant Miami Police Department moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) and 17(b), arguing that it lacks capacity to be sued. **[DE 22]**. Defendant Officer Allen moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that she is entitled to qualified immunity, that Plaintiff failed to meet the heightened pleading requirement applicable in qualified immunity cases, and that Plaintiff failed to state an official capacity claim against her. **[DE 23]**. Defendant Officer Matias moved to dismiss the Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that Plaintiff failed to state an official capacity claim against him. **[DE 25]**. Defendants filed a Motion to Strike documents attached to Plaintiff's Amended Complaint. **[DE 24]**. Plaintiff filed a Motion to Strike Defendants [*sic*] Motion to Strike and Motion to Dismiss Amended Complaint which the Court has construed as her response to the motions to dismiss. **[DE 26]**.

### Discussion

A complaint will be dismissed pursuant to Rule 12(b)(6), when, accepting all factual allegations therein as true, the plaintiff has failed to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). In deciding a motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. Christopher v. Harbury, 536 U.S. 403, 406 (2002); Watts v. Florida Int'l Univ., 495 F.3d 1289, 1295 (11th Cir. 2007). The

Lomax v. The City of Miami Police Department, *et al*.
Case No. 09-CV-20830-LENARD/Turnoff

court's consideration on a motion to dismiss is limited to the pleadings and exhibits attached thereto.  Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (citing GSW, Inc. v. Long County, 999 F.2d 1508, 1510 (11th Cir. 1993)).  As Plaintiff is proceeding *pro se*, her Amended Complaint should be liberally construed.  Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008).  "However, a court's duty to liberally construe a plaintiff's complaint in the face of a motion to dismiss is not the equivalent of a duty to re-write it for her."  Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993).

To satisfy the pleading requirements of Fed. R. Civ. P. 8(a)(2), a complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v Gibson, 355 U.S. 41, 47 (1957)).  Although to withstand a motion to dismiss under Rule 12(b)(6) a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Id.  "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)."  Id. (citations and punctuation omitted).  A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Ashcroft v. Iqbal, --- U.S. ----, 129 S.Ct. 1937, 1949 (2009).

Plaintiff asserts a claim against the Miami Police Department and Officers Allen and Matias

Lomax v. The City of Miami Police Department, *et al.*
Case No. 09-CV-20830-LENARD/Turnoff

under § 1983. Section 1983 provides a remedy for the deprivation of constitutional rights by persons acting under color of state law. A claim under § 1983 entails a showing that Defendants deprived Plaintiff of a constitutional right and that the deprivation was committed under color of state law. Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999). Liberally construed, Plaintiff alleges that the Officers violated her Fourth Amendment right to be free from unreasonable search and seizure, and rights under state law, by conducting a wrongful stop and frisk.

### A. Miami Police Department

The Miami Police Department is not a person within the meaning of 42 U.S.C. § 1983 and may not be held liable in a civil rights suit for damages. The capacity to sue or be sued is "determined by the law of the state in which the district court is held." Dean v. Barber, 951 F.2d 1210, 1214 (11th Cir. 1992) (quoting Fed. R. Civ. P. 17(b)). Although some governmental entities are amenable to suit pursuant to § 1983, under Florida law, a police department is not a governmental body. Hall v. Staling, 09-CIV-81460, 2010 WL 411092, *2 (S.D. Fla. Jan. 29, 2010). Thus, under Florida law, the "Police Department does not have the capacity to sue or be sued." Masson v. Miami-Dade County, 738 So.2d 431, 432 (Fla. 3d DCA 1999); Eddy v. City of Miami, 715 F.Supp. 1553, 1556 (S.D. Fla. 1989) ("Where a police department is an integral part of the city government as the vehicle through which the city government fulfills its policing functions, it is not an entity subject to suit"); Dean, 951 F.2d at 1214 ("The question here is not whether the Jefferson County Sheriff's Department is a 'person' for the purposes of liability under Monell and section 1983, but whether the Department is a legal entity subject to suit").

Lomax v. The City of Miami Police Department, et al.
Case No. 09-CV-20830-LENARD/Turnoff

Accordingly, the undersigned **RECOMMENDS** that Defendant City of Miami Police Department's Motion to Dismiss Amended Complaint **[DE 22]** be **GRANTED**, and that Defendant Miami Police Department be **DISMISSED** as a party to this case.

### B. Officer Allen and Officer Matias

The Amended Complaint states that Plaintiff is suing "Narcotic Investigator, Officer Matic-4447, Narcotic Investigator, Officer Allen-0091, (municipality)." **[DE 11]**. The Court interprets the use of the word "municipality" as a suit against the Officers in their official capacities.

Under § 1983, a suit against a public official in his official capacity is actually an action against the local governmental entity of which the officer is an agent. Monell v. Dep't of Social Services, 436 U.S. 658, 690 (1978); Busby v. City of Orlando, 931 F.2d 764, 776 (11th Cir. 1991). In order to establish a cause of action under § 1983 against the Officers in their official capacities, Plaintiff cannot simply allege that Defendants, acting under color of state law, deprived her of a federal right. Kentucky v. Graham, 473 U.S. 159, 166 (1985). Plaintiff must demonstrate that a City of Miami policy or custom provided the basis for the alleged deprivation of a federal right. Id. Here, Plaintiff fails to allege the existence of a City of Miami or Miami Police Department policy or custom of searching individuals without probable cause pursuant to which Defendants violated her constitutional rights. Even if the Officers' actions were construed as violating Plaintiff's constitutional rights under the Fourth Amendment, their actions alone do not constitute a custom or policy of the City of Miami or the Miami Police Department. See Adickes v. S.H. Kress & Co., 398 U.S. 144, 167-68 (1970). The doctrine of *respondeat superior* does not apply in § 1983 cases.

Lomax v. The City of Miami Police Department, *et al*.
Case No. 09-CV-20830-LENARD/Turnoff

Monell, 436 U.S. at 691. There must be a direct link between the alleged constitutional violation and the municipal policy or custom. Snow v. City of Citronelle, 420 F.3d 1262, 1271 (11th Cir. 2005). As Plaintiff fails to provide any legal or factual allegations to this effect, she fails to state a claim against the Officers in their official capacities. Thus, the undersigned **RECOMMENDS** that Plaintiff's claims against Officer Allen and Officer Matias in their official capacities be **DISMISSED**.

From the face of the Amended Complaint, it is unclear whether Plaintiff intended to proceed against the Officers in their individual capacities as well. Although Officer Allen moves to dismiss on the basis of qualified immunity, which assumes an individual liability suit, the undersigned finds that such argument is unnecessary. As noted in her Motion to Dismiss, there is only one reference to Officer Allen in the entire Amended Complaint, to wit: "Narcotic Investigator Officer Matices-4447 (*sic*) stated that Narcotic Investigator Officer Allen-0092 was going to search the Plaintiff in the middle of the street by the City of Miami, deity (*sic*) trash container." **[DE 11]**. As noted *supra*, while a plaintiff is not required to prove his claim in his complaint, he must allege sufficient facts in the complaint which, when viewed in the light most favorable to the plaintiff, support the conclusion that he may be able to establish that he is entitled to the relief he seeks under § 1983. Plaintiff has failed to carry that burden, and the Court concludes that no relief could be granted against this Defendant under any set of facts that could be proved consistent with the allegation made by Plaintiff in her Amended Complaint. Because the undersigned finds that Plaintiff's Amended Complaint fails to allege sufficient facts supporting entitlement to relief against Officer Allen, and dismissal is warranted on that basis, the Court will not reach Officer Allen's claim of

qualified immunity. Accordingly, the undersigned **RECOMMENDS** that Officer Allen be **DISMISSED** as a party to this action.

With respect to Officer Matias, who does not address individual liability or raise qualified immunity in his motion to dismiss, if Plaintiff intended to sue Officer Matias in an individual capacity, then Officer Matias is entitled to "the benefit of this knowledge in order to present an effective defense." Comeau v. Volusia County, 09-CV-1907, 2010 WL 883814, *7 (M.D. Fla. 2010). Accordingly, the undersigned **RECOMMENDS** that the Amended Complaint against Officer Matias be **DISMISSED** without prejudice with leave to re-file.

### Defendants' Motion to Strike

In addition, all three Defendants moved, pursuant to Rule 12(f), to strike as immaterial, impertinent or scandalous, documents attached to Plaintiff's Amended Complaint. **[DE 24]**. Under Federal Rule of Civil Procedure 12(f), a court "may order stricken from any pleading...any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A motion to strike will "usually be denied unless the allegations have no possible relation to the controversy and may cause prejudice to one of the parties." Story v. Sunshine Foliage World, Inc., 120 F.Supp.2d 1027, 1030 (M.D. Fla. 2000) (internal citations omitted). Plaintiff attached to her Motion to Amend Complaint the home rule amendment and charter for Miami-Dade County. **[DE 7]**. Because Miami-Dade County is not named as a party to these proceedings, the undersigned sees no possible relation to the case. According to Defendants, Plaintiff also attached the officer history for Officer Rossicia Allen and the officer history for Officer Johnnie Bernell Mathis. A review of the court record failed to yield the officer histories referenced in Defendants' Motion to Strike. Accordingly, the

Lomax v. The City of Miami Police Department, et al.
Case No. 09-CV-20830-LENARD/Turnoff

undersigned **RECOMMENDS** that the Motion to Strike **[DE 24]** be **GRANTED-IN-PART** with respect to the Miami-Dade County Charter, and **DEEMED MOOT** with respect to the officer history reports.

**Plaintiff's Motion to Strike**

Finally, in response to Defendants' Motion to Strike, Plaintiff filed a Motion to Strike Defendants' Motion to Strike and Motion to Dismiss Amended Complaint, which the Court construed as her response to the motions to dismiss.[2] **[DE 26]**.  As noted *supra*, a court may strike material that is "redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Plaintiff has failed to state a basis for striking Defendants' Motion to Strike, as well as their Motions to Dismiss the Amended Complaint.  Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Motion to Strike be **DENIED**.

**Conclusion**

Upon examination of the Amended Complaint, the undersigned finds that the pleading is insufficient to proceed as the operative complaint.  The Miami Police Department is not an entity subject to suit.  The Amended Complaint fails to state a cause of action against Officer Allen and Officer Matias in their official capacities as Plaintiff failed to allege facts supporting a Monell claim. Further, the Amended Complaint fails to state a cause of action on an individual basis against Officer

---

[2] Plaintiff's memorandum of law appears to be an argument drawn from a legal text or publication regarding a conflict between the United States Supreme Court case Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit, 507 U.S. 163 (1993), and heightened pleading requirements in § 1983 claims where qualified immunity may be raised. While the undersigned notes the uncertainty surrounding the application of the correct pleading standard where qualified immunity interplays with a *pro se* plaintiff, it is not necessary to address the issue in light of the fact that the claims against the Officers were disposed of without reaching the applicability of qualified immunity.

Lomax v. The City of Miami Police Department, *et al*.
Case No. 09-CV-20830-LENARD/Turnoff

Allen. Because it is unclear whether Plaintiff intended to sue Officer Matias in an individual capacity, she should be granted leave to refile in order to clarify. Defendants' Motion to Strike is proper with respect to the Miami-Dade County Charter attached to Plaintiff's Amended Complaint, but Plaintiff's Motion to Strike lacks a sound basis.

### RECOMMENDATION

Accordingly, in light of the foregoing, the undersigned hereby **RECOMMENDS** that:

1. Defendant City of Miami Police Department's Motion to Dismiss Amended Complaint **[DE 22]** be **GRANTED**;

2. Defendant Officer Allen's Motion to Dismiss Amended Complaint **[DE 23]** be **GRANTED**;

3. Defendants' Motion to Strike **[DE 24]** be **GRANTED-IN-PART**;

4. Defendant Officer Matias' Motion to Dismiss Amended Complaint **[DE 25]** be **GRANTED**; and

5. Plaintiff's *pro se* Motion to Strike Defendants [*sic*] Motion to Strike and Motion to Dismiss Amended Complaint **[DE 26]** be **DENIED**.

Pursuant to S.D. Fla. Magistrate Rule 4(b), the parties may serve and file written objections to this Recommendation with the Honorable Joan A. Lenard, United States District Judge for the Southern District of Florida, within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file timely objections shall bar the parties from attacking on appeal any factual findings contained herein. RTC v. Hallmark Builders, Inc., 996 F.2d 1144 (11th Cir. 1993); LoConte v. Dugger, 847 F.2d 745 (11th Cir. 1988).

**RESPECTFULLY RECOMMENDED** in Chambers, at Miami, Florida, this 20th day of April 2010.

_____
**WILLIAM C. TURNOFF**
**UNITED STATES MAGISTRATE JUDGE**

cc: Hon. Joan A. Lenard
    Counsel of record