UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-20830-CIV-LENARD/TURNOFF

**MATTIE TWYNETTE LOMAX**,

        Plaintiff,

vs.

**CITY OF MIAMI POLICE DEPARTMENT**, **MAYOR MANUEL A. DIAZ, POLICE CHIEF JOHN F. TIMONEY, DETECTIVE MATIC-4447, DETECTIVE ALLEN-0091,**

        Defendants.

_____/

**ORDER ADOPTING REPORT AND RECOMMENDATION (D.E. 29); GRANTING DEFENDANT CITY OF MIAMI POLICE DEPARTMENT'S MOTION TO DISMISS AMENDED COMPLAINT (D.E. 22); GRANTING DEFENDANT OFFICER ALLEN'S MOTION TO DISMISS AMENDED COMPLAINT (D.E. 23); GRANTING DEFENDANT MATIAS' MOTION TO DISMISS AMENDED COMPLAINT (D.E. 25); GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE EXHIBITS TO THE AMENDED COMPLAINT (D.E. 24); DENYING PLAINTIFF'S MOTION TO STRIKE (D.E. 26); AND DENYING AS MOOT PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (D.E. 31)**

**THIS CAUSE** is before the Court on the Report and Recommendation of U.S. Magistrate Judge William C. Turnoff ("Report," D.E. 29), issued on April 20, 2010. In his Report, Magistrate Judge Turnoff recommends that Defendant Miami Police Department, Officer Matias and Officer Allen's[1] respective Motions to Dismiss Plaintiff's

---

[1] Despite the mispellings in the style of the case and record, "Detective Matic-4447" shall be referred to as Officer Matias and "Detective Allen-0091" shall be referred to as Officer Allen for the purposes of the Order.

Amended Complaint (D.E. 22, 23 and 25)[2] be granted, Defendants' Motion to Strike Exhibits to the Amended Complaint (D.E. 24) be granted in part and Plaintiff's Motion to Strike (D.E. 26) be denied.  Report at 11.  The Report also recommends that Defendants Diaz and Timoney should be dismissed from this action due to Plaintiff's failure to timely serve these Defendants pursuant to Federal Rule of Civil Procedure 4(m).  Report at 3-4.

Specifically, the Report finds that Plaintiff fails to state a claim against Officers Allen and Matias in their official capacities (Report at 8), Plaintiff fails to state a claim against Officer Allen in her individual capacity (Report at 8-9) and the "Miami Beach Police Department is not a person within the meaning of 42 U.S.C. § 1983 and may not be held liable in a civil suit for damages."  Report at 6-7.  The Report also finds that the home rule amendment and charter for Miami-Dade County is irrelevant to the proceedings and should be struck, while the officer histories Defendants allege are attached to the Amended Complaint are not found in the record.  Report at 9-10.  As to Plaintiff's Motion to Strike (D.E. 26), the Report construes it as a response to Defendants' Motion to Strike (D.E. 24) and finds no basis on which to strike any document.  Report at 10.  Finally, Magistrate Judge Turnoff finds that Plaintiff has not shown good cause for her failure to timely serve Defendants Diaz and Timoney pursuant to Rule 4(m).

---

[2] On July 30, 2009, Plaintiff filed a Motion for Reconsideration/Motion for Leave to Amend Complaint/Motion for Summary Judgment.  *See* D.E. 11.  Based on the contents of this Motion, the Court construed it as Plaintiff's Amended Complaint.  Defendants' Motions to Dismiss the Amended Complaint refer to this document.

To date, Plaintiff has not filed objections to the Report.[3]  Failure to timely file objections shall bar parties from attacking on appeal the factual findings contained in the report.  *See Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993).  Therefore, after an independent review of the Report and record, it is hereby **ORDERED AND ADJUDGED** that:

1. The Report and Recommendations of the Magistrate Judge (D.E. 29), issued on April 20, 2010, is **ADOPTED.**

2. Defendant City of Miami Beach Police Department's Motion to Dismiss Amended Complaint (D.E. 22), filed on December 7, 2009, is **GRANTED** and Defendant City of Miami Beach Police Department is **DISMISSED** from this Action.

3. Defendant Officer Allen-0091's Motion to Dismiss Amended Complaint (D.E. 23), filed on December 8, 2009, is **GRANTED** and she is **DISMISSED** from this Action.

4. Defendant Officer Matias' Motion to Dismiss Amended Complaint (D.E. 25), filed on December 8, 2009, is **GRANTED** and he is **DISMISSED** without prejudice from this Action.

5. Plaintiff shall have twenty-one (21) days from the date of this Order to file

---

[3] On May 24, 2010, Plaintiff filed a Motion for Summary Judgment (D.E. 30) where she argues, *inter alia*, that Defendants are not entitled to qualified immunity and therefore summary judgment should be granted in her favor.  Even if the Court were to construe this Motion as Objections to Report, Plaintiff does not address any of the findings of fact or conclusions of law contained within Magistrate Judge Turnoff's Report.

an Amended Complaint against Defendant Officer Matias to allege individual liability against him. Should Plaintiff fail to amend her complaint against Defendant Officer Matias within this period or show good cause for her failure, the Court shall close this case.

6. Defendants' Motion to Strike Exhibits to the Amended Complaint (D.E. 24), filed December 8, 2009, is **GRANTED** in part and **DENIED** in part.

7. Plaintiff's Motion to Strike (D.E. 26), filed on December 16, 2009, is **DENIED**.

8. Defendant Mayor Manuel Diaz is **DISMISSED** from this Action pursuant to Plaintiff's failure to timely serve him in accordance with Federal Rule of Civil Procedure 4(m).

9. Defendant Chief of Police John Timoney, Miami Police Department, is **DISMISSED** from this Action pursuant to Plaintiff's failure to timely serve him in accordance with Federal Rule of Civil Procedure 4(m).

10. Plaintiff's Motion for Summary Judgment (D.E. 31), filed on May 25, 2010, is **DENIED** as moot.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 27th day of May, 2010.

*Joan A. Lenard*
**JOAN A. LENARD**
**UNITED STATES DISTRICT JUDGE**